UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PALMCO ADMINISTRATION, LLC d/b/a INDRA ENERGY ADMINISTRATION,<br><br>      Plaintiff,<br><br>  v.<br><br>RAGNAR CONSULTING, LLC and TYLER F. LYNCH,<br><br>      Defendants. | Civil Action File No. 1:24-cv-09407<br><br>**JURY TRIAL DEMANDED** |

### DEFEENDANTS' ANSWER AND DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendants Ragnar Consulting, LLC and Tyler F. Lynch, by counsel, hereby respectfully submit their answer and defenses to the Amended Complaint filed by Palmco Administration, LLC d/b/a Indra Energy Administration.

**COMPLAINT NO. 1:**

**Plaintiff Palmco is a multi-member limited liability company organized and existing under the laws of the State of New York, with its principal place of business located at 8751 18th Ave., Brooklyn, NY 11214. It does business as Indra Energy Administration.**

**ANSWER:**

Denied for lack of sufficient knowledge and information ("DNK Denied").

**COMPLAINT NO. 2:**

**Palmco has no parent corporation or subsidiaries, and there is no publicly held corporation owning 10% or more of its stock/units.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 3:**

**Robert Palmese, a citizen and resident of New York, holds a twenty five percent (25%) ownership interest in Palmco.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 4:**

**Christina Palmese-Roosen, a citizen and resident of New York, holds a twenty five percent (25%) ownership interest in Palmco.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 5:**

**Ronald Palmese, Jr., a citizen and resident of New York, holds a twenty five percent (25%) ownership interest in Palmco.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 6:**

**Stephen Palmese, a citizen and resident of New York, holds a twenty five percent (25%) ownership interest in Palmco.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 7:**

**Defendant Ragnar is a single-member limited liability company organized and existing under the laws of the State of Florida, with its principal place of business located at 7900 NW 27th Ave., Unit 232, Miami, FL 33147.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 8**:

**Defendant Lynch is an adult individual and the sole owner, officer, principal, and member of Ragnar Consulting, LLC. Upon information and belief, he is a citizen of either Florida or Connecticut, and resides at either 15255 SW 108th Ter., Miami, FL 33196 or 113 Sunset Farm Rd., West Hartford, CT 06107.**

**ANSWER:**

Admitted only that Defendant Lynch is an adult individual who is the sole member of Ragnar Consulting, LLC and he is a citizen of Connecticut residing at 113 Sunset Farm Rd., West Hartford, CT.

**COMPLAINT NO. 9**:

**This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because complete diversity exists between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 10**:

**This Court has personal jurisdiction over Defendant Ragnar and Defendant Lynch pursuant to Section 11(f) of the Independent Contractor Consulting Agreement (the "Agreement"), annexed hereto as Exhibit A ("Ex. A"). Under the terms of the Agreement, each Defendant "irrevocably submits to the exclusive jurisdiction of any state or federal court within New York County, New York with respect to any cause or claim arising under or relating to this Agreement," and "irrevocably consents to personal jurisdiction in New York and to the service of process by registered mail or personal service, irrevocably waives any objection based on forum non conveniens with respect to such a court, and irrevocably waives any objection to venue in such court." Ex. A, § 11(f).**

**ANSWER:**

Denied. In Paragraph 13, Plaintiff alleges that the other party that signed the contract as "Consultant" is "Prime Connect Sales LLC." In addition, the Agreement attached as Exhibit A to the Amended Complaint is not executed or entered into by Tyler Lynch individually.

3

**COMPLAINT NO. 11:**

**Venue in this District is proper pursuant to 28 U.S.C. § 1391, and Section 11(f) of the Agreement.**

**ANSWER:**

Denied. In Paragraph 13, Plaintiff alleges that the other party that signed the contract as "Consultant" is "Prime Connect Sales LLC."

**COMPLAINT NO. 12:**

**On or about May 13, 2024, Plaintiff and Defendants executed the Agreement.**

**ANSWER:**

Admitted only as to Ragnar Consulting LLC. Denied as to Tyler Lynch in his individual capacity.

**COMPLAINT NO. 13:**

**The Agreement defines the term "Consultant" as "Prime Connect Sales LLC . . . and its respective past, present and future affiliates, successors, assigns, principals, officers, members and duly authorized representatives." Ex. A, Preamble.**

**ANSWER:**

Denied.

**COMPLAINT NO. 14:**

**Upon information and belief, Defendant Lynch is the sole owner, officer, principal, and member of Defendant Ragnar.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 15:**

**Defendant Lynch negotiated and signed the Agreement on behalf of himself and Defendant Ragnar.**

**ANSWER:**

Admitted only that Tyler Lynch signed the agreement on behalf of Ragnar Consulting LLC as its owner and sole member. Denied as to Tyler Lynch in his individual capacity.

**COMPLAINT NO. 16:**

**Upon information and belief, Defendant Lynch personally participated in and directed the wrongful conduct complained of herein.**

**ANSWER:**

Denied.

**COMPLAINT NO. 17:**

**Under the terms of the Agreement, Defendants agreed to market Plaintiff's services, on behalf of Plaintiff, by engaging in door-to-door solicitation of prospective customers, and in exchange, Plaintiff agreed to pay to Defendants a fixed sales commission for each customer enrolled in a residential electricity or natural gas account with Plaintiff.**

**ANSWER:**

Denied. In Paragraph 13, Plaintiff alleges that the other party that signed the contract as "Consultant" is "Prime Connect Sales LLC."

**COMPLAINT NO. 18:**

**Between May 13 and July 31, 2024, Defendants submitted enrollments to Plaintiffs, for which Plaintiff paid to Defendants $187,751.00 in total commissions (the "Commissions").**

**ANSWER:**

Denied.

**COMPLAINT NO. 19:**

**Within days of receiving the first enrollments, Plaintiff began to receive complaints from customers asserting that they had not agreed to enroll in a residential electricity or natural gas account with Plaintiff.**

**ANSWER:**

Denied. In addition, any complaints are the result of how Plaintiff structures and operates its program.

**COMPLAINT NO. 20:**

**Plaintiff directly contacted customers purportedly enrolled by Defendants to verify the validity of their contracts and associated enrollments, and upon further investigation, determined that Defendants enrolled customer accounts fraudulently.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 21:**

**Plaintiff was also contacted by the Pennsylvania Attorney General's Office, the Pennsylvania Public Utility Commission, and the local distribution utility (the "Pennsylvania Regulators") regarding fraudulent acts committed by Defendants and numerous complaints filed against Plaintiff by customers claiming that their enrollment submitted by Defendants was not authorized and requesting cancellation of their accounts.** *See* **September 24, 2024 Demand Letter, annexed hereto as Exhibit B ("Ex. B").**

**ANSWER:**

Admitted only that the Demand Letter was sent. Denied that its contents were accurate. Otherwise, denied.

**COMPLAINT NO. 22:**

**Plaintiff immediately cancelled all customer enrollments submitted by Defendants.** *Id.*

**ANSWER:**

Denied.

**COMPLAINT NO. 23:**

**In addition, given Defendants' improper conduct and clear breach of the Agreement for failure to adhere to applicable law in conducting services on Plaintiff's behalf, Plaintiff terminated its relationship with Defendants effective July 31, 2024.** *Id.*

**ANSWER:**

      Admitted only that the Demand Letter was sent. Denied that its contents were accurate. Plaintiff appears to be inconsistent in pleading its date. Otherwise, denied.

**COMPLAINT NO. 24:**

      **Under Section 3(b) of the Agreement, Plaintiff is entitled to recoup any sales commission paid to Defendants for each customer enrolled in a residential electricity or natural gas account with Plaintiff, if the customer, within thirty (30) days of the date of sale, cancels its contract. Ex. A, § 3(b).**

**ANSWER:**

      Admitted only that the Agreement is the best evidence of its own contents. Plaintiff pled in Paragraph 13 that the "Consultant" under the contract was "Prime Connect Sales LLC." Otherwise, denied.

**COMPLAINT NO. 25:**

      **Accordingly, on September 24, 2024, Plaintiff demanded the return of all payments made to Defendants under the Agreement between May 13 and July 31, 2024, *i.e.*, the Commissions.**

**ANSWER:**

      Admitted only that the Demand Letter was sent. Denied that its contents were accurate. Plaintiff appears to be inconsistent in pleading its date. Otherwise, denied.

**COMPLAINT NO. 26:**

      **To date, Defendants have failed to repay any portion of the $187,751.00 in Commissions paid and have otherwise improperly retained the same.**

**ANSWER:**

      Denied.

**COMPLAINT NO. 27:**

**In addition, under Section 9(a), Defendants agreed to indemnify Plaintiff, jointly and severally, for actual loss and consequential damages suffered by Plaintiff arising out of Defendants' breach of the Agreement, or any other act or omission that results in any claim against Plaintiff. Ex. A, § 9(a).**

**ANSWER:**

Admitted only that the Agreement is the best evidence of its own contents. Plaintiff pled in Paragraph 13 that the "Consultant" under the contract was "Prime Connect Sales LLC." Otherwise, denied.

**COMPLAINT NO. 28:**

**To date, Defendants have failed to indemnify Plaintiff for damages incurred as a result of Defendants' breach of the Agreement, and the claims against Plaintiff submitted to the Pennsylvania Attorney General's Office, the Pennsylvania Public Utility Commission, and the local distribution utility for Defendants' fraudulent acts. These damages include, but are not limited to, loss of revenue, unrecovered costs, reputational harm and the loss of customer goodwill.**

**ANSWER:**

Paragraph 28 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 29:**

**Plaintiff repeats, realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.**

**ANSWER:**

Defendants incorporate by reference their Answers to all prior paragraphs of Plaintiff's Amended Complaint as though fully set forth herein. Otherwise, denied.

**COMPLAINT NO. 30:**

**The Agreement is a valid, binding, and enforceable contract.**

**ANSWER:**

Paragraph 30 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 31:**

**Defendants breached their obligations under the terms of the Agreement by: (a) fraudulently enrolling customers in a residential electricity or natural gas account with Plaintiff, thus failing to adhere to applicable law in conducting services on Plaintiff's behalf; (b) failing to return Commissions paid to Defendants for customers who cancelled their contract within thirty (30) days of the date of sale, and (c) failing to indemnify Plaintiff for the damages incurred as a result of the claims as described in Paragraph 22, *supra*.**

**ANSWER:**

Paragraph 31 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 32:**

**On September 24, 2024, Plaintiff served Defendants with a formal demand for return of the Commissions.**

**ANSWER:**

Admitted only that the Demand Letter was sent. Denied that its contents were accurate. Plaintiff appears to be inconsistent in pleading its date. Otherwise, denied.

**COMPLAINT NO. 33:**

**Defendants have improperly retained the Commissions and have failed to repay or otherwise reimburse Plaintiff for any portion thereof.**

**ANSWER:**

Denied.

**COMPLAINT NO. 34:**

**Plaintiff has fully complied with its obligations under the Agreement.**

**ANSWER:**

Paragraph 34 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 35:**

**As a direct, proximate, and foreseeable result of Defendants' breach of the Agreement, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $187,751.00.**

**ANSWER:**

Paragraph 35 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 36:**

**Plaintiff repeats, realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.**

**ANSWER:**

Defendants incorporate by reference their answers to all prior paragraphs of Plaintiff's Amended Complaint as though fully set forth herein. Otherwise, denied.

**COMPLAINT NO. 37:**

**This claim is pleaded in the alternative to Count I – Breach of Contract,** *supra***.**

**ANSWER:**

Admitted only that Plaintiff attempts to plead Count II in the alternative to Count I. Denied that Count II is valid or accurate.

**COMPLAINT NO. 38:**

**Plaintiffs paid to Defendants $187,751.00 in Commissions for services purportedly rendered under the Agreement.**

**ANSWER:**

Denied.

**COMPLAINT NO. 39:**

**As Plaintiffs subsequently learned, Defendants failed to adhere to applicable law in conducting said services.**

**ANSWER:**

Paragraph 39 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 40:**

**In addition, all customers purportedly enrolled by Defendants cancelled their contracts within thirty (30) days of the date of sale.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 41:**

**Defendants have ignored Plaintiff's demand for return of the Commissions.**

**ANSWER:**

Denied.

**COMPLAINT NO. 42:**

**By virtue of the foregoing, Defendants have been unjustly enriched at the expense of Plaintiff by their unlawful, inequitable, and wrongful conduct.**

**ANSWER:**

Paragraph 42 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 43:**

**Under the principles of equity and good conscience, Defendants should not be permitted to retain the benefit of the Commissions.**

**ANSWER:**

Paragraph 43 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 44:**

**As a direct, proximate, and foreseeable result of Defendants' breach of the Agreement, Plaintiff has suffered damages in an amount to be proven at trial, but not less than $187,751.00.**

**ANSWER:**

Paragraph 43 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 45:**

**Plaintiff repeats, realleges and incorporates by reference each of the foregoing paragraphs as though fully set forth herein.**

**ANSWER:**

Defendants incorporate by reference their answers to all prior paragraphs of Plaintiff's Amended Complaint as though fully set forth herein. Otherwise, denied.

**COMPLAINT NO. 46:**

**Defendants made knowing misrepresentations of material fact to Plaintiff concerning the enrollment of customers in residential electricity or natural gas accounts.**

**ANSWER:**

Paragraph 46 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 47:**

**Specifically, Defendants submitted enrollments to Plaintiff that were not authorized by the customer.**

**ANSWER:**

Denied.

**COMPLAINT NO. 48:**

**Defendants made these misrepresentations with the intent to deceive Plaintiff as to the legitimacy of each enrollment, and ultimately to induce Plaintiff to pay Defendants the commissions they would have been owed under the Agreement had Defendants properly performed.**

**ANSWER:**

Paragraph 48 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 49:**

**Plaintiff relied on Defendants' misrepresentations to its detriment.**

**ANSWER:**

Paragraph 49 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

**COMPLAINT NO. 50:**

**As a result of Defendants' misrepresentations, Plaintiff has suffered monetary damages in an amount not less than $187,751.00, as well as reputational harm and the loss of customer goodwill.**

**ANSWER:**

Paragraph 50 is objected to as calling for a legal conclusion. To the extent an answer is required, denied.

<b><u>DFENSES AND AFFIRMATIVE DEFENSES</u></b>

1.  **<u>Failure To State a Claim</u>.** Plaintiff's Amended Complaint fails to state a claim on which relief can be granted. Paragraph 13 pleads that the Consultant which is party to the contract is "Prime Connect Sales LLC." The fraud claim is not pled with the specificity required

by Fed. R. Civ. P. 9(b). The fraud claim is barred by the economic loss rule, the source of duty rule and the gist of the action doctrine.

2. **Economic Loss Rule.** The fraud claim appears to be based on fraud in the performance of the contract. As such, it is barred by the economic loss rule, the source of duty rule and the gist of the action doctrine.

3. **Condonation, Acquiescence and Waiver**. Plaintiff knew about, condoned, acquiesced in and waived any misconduct by Defendants. Plaintiff's operations and system lacked adequate safeguards against the alleged misconduct and in fact aided, abetted and encouraged that conduct.

4. **Illegality.** The alleged contracts and agreements were illegal in that they were intended to encourage and permit the alleged misconduct.

5. **No Personal Liability.** Defendant Tyler Lynch is not a party to the alleged contracts and agreements, and thus, cannot be liable for any alleged breaches thereof.

## JURY TRIAL DEMAND

Defendants hereby demand a trial by jury as to each and all issues and claims so triable under applicable law.

Respectfully Submitted This 10th Day of March, 2025:


By: /s/ Nicole A. Sullivan
          Counsel

Nicole A. Sullivan
810 Seventh Avenue – Suite 500
New York, NY 10019
Phone: 212.631.4420
Fax: 212.631.4429
Email: sullivann@whiteandwilliams.com
*Counsel for Defendants*

By: /s/ Michael C. Whitticar
       Counsel

Michael C. Whitticar (V.S.B. No. 32968)
NOVA IP Law, PLLC
155 Broadview Avenue, Suite 200
Warrenton, VA 20186
Phone: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Counsel for Defendants*
*Pro Hac Vice Planned*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 10th Day of March, 2025, the foregoing Answer and Defenses to Plaintiff's Amended Complaint was filed with the Court's electronic filing system and served on the following counsel of record by email:

STEVENS & LEE, P.C.
Bradley L. Mitchell, Esq.
485 Madison Ave., 20th Floor
New York, NY 10022
(212) 319-8500
bradley.mitchell@stevenslee.com
*Attorney for Plaintiff*


Michael A. Cedrone, Esq.
(*pro hac vice* application forthcoming)
510 Carnegie Center Drive
Suite 400
Princeton, NJ 08540
(609) 718-0920
michael.cedrone@stevenslee.com
*Attorney for Plaintiff*

/s/ Nicole A. Sullivan
Nicole A. Sullivan